# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

September 22, 2020

**BY ECF**

Hon. Stewart D. Aaron, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        **Re:**    *Tomala v. CLGM, Inc., et al.*
               *Case No. 19-CV-7839 (SDA)*

Dear Judge Aaron,

      We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter with defendants' counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously with this letter, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of plaintiff's claims, which was negotiated at arm's length between experienced counsel.

## I.    *The Need for the Court's Approval of the Agreement*

      As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

Hon. Stewart D. Aaron, U.S.M.J.
September 22, 2020
Page 2

## II. The Parties

### a. *Defendants*

Defendants own and operate a Greek restaurant known as Yefsi Estiatorio located at 1481 York Avenue, New York, New York 10075 (the "Restaurant").

### b. *Plaintiff*

Plaintiff, Raul Tomala, was hired to work as food preparer/kitchen helper at the Restaurant from in or about October 2018 until on or about July 25, 2019. Plaintiff alleges typically working six (6) days per week with a work schedule normally consisting of ten (10) hours per day on Monday, Tuesday, Thursday, and Friday from 2:00 p.m. until 12:00 a.m., and sixteen (16) hours on Saturday and Sunday from 10:00 a.m. until 2:00 a.m. Plaintiff further alleges that he occasionally worked seven (7) days in a single week, and in excess of eighty (80) or ninety (90) hours in single week.

With respect to his pay, plaintiff alleges that from the beginning of his employment and continuing through in or about December 2018, he was paid at the rate of $13 per hour for all hours worked up to forty (40) hours per week; $19.50 per hour for the first five (5) hours of overtime worked each week; and $16 per hour straight time for all hours worked in excess of forty-five (45) hours worked each week.

Thereafter, beginning in or about January 2019 and continuing through the remainder of his employment on or about July 25, 2019, Plaintiff alleges that he was paid at the rate of $15 per hour for all hours worked up to forty (40) hours per week; $22.50 per hour for the first five (5) hours of overtime worked each week; and $16 per hour straight time for all hours worked in excess of forty-five (45) hours worked each week.

## III. Defendants' Defense/Position

Defendants contend that plaintiff's work hours and, thus his calculated damages, are greatly exaggerated. According to the defendants, plaintiff's work hours fluctuated greatly each day and week, and that he often failed to work substantially more than forty (40) hours per week. Defendants produced plaintiff's time records, which they believe corroborate their position.

Defendants additionally maintain that plaintiff always received a one-hour break each day for which he is not entitled to compensation, as well as at least one (1) free meal and which should be deducted from plaintiff's damage calculation.

## IV. Plaintiff's Calculated Damages

Plaintiff calculated that he is owed approximately $7,100 in unpaid overtime compensation and "spread of hours" premium, with an additional $5,600 in liquidated damages. Together with statutory damages for the defendants' alleged failure to provide

wage notices and proper wage statements, the total value of plaintiff's claims amount to approximately $17,100.

### V.     Settlement Amount

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $20,000 to resolve all of plaintiff's wage and hour claims against the defendants, with $10,000 paid within ten (10) days after the Court approves the terms of the settlement and dismisses the action with prejudice or within sixty (60) days from the date plaintiff executed the Agreement, which occurs later, and the remaining $10,000 payable over four (4) equal installments of $2,500 each. We believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about plaintiff's claims.

### VI.    The Agreement is Fair and Reasonable

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, supra*, 679 F.2d at 1354)); *see also In re Penthouse Executive Club Compensation Litig.*, No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Here, it is undisputed that this settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Apr. 13, 2013).

In light of various disputes discussed above, this settlement should be approved. By settling now, plaintiff receives almost double the amount of his calculated underlying unpaid wages even after attorneys' fees are accounted for, while enabling the parties to avoid the risks inherent in any trial.

### VII.   Application for Attorneys' Fees

Pursuant to this firm's retainer agreement with plaintiff (copy attached), our firm will retain one-third the net proceeds of the settlement after the firm's costs (filing fee and service) are deducted. Therefore, plaintiff's counsel seeks $6,495.35 in fees, and $512 in costs for a total application of $7,007.35, which is below the firm's lodestar. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own

Hon. Stewart D. Aaron, U.S.M.J.
September 22, 2020
Page 4

compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third is reasonable. Of course, had the case proceeded, assuming plaintiff prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

If the Court were to analyze counsel's fees on a lodestar basis, the Court should still approve the Agreement. Counsel's lodestar is more than the fees requested herein. Cilenti & Cooper, PLLC's requested rates ($400 per hour for lawyers and $100 for paralegal) have previously been approved as reasonable for several years. *See Rescalvo v. BTB Events & Celebrations Inc.*, 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030 (PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DF) (S.D.N.Y. 2016). Attached hereto is a copy of Cilenti & Cooper, PLLC's billing records for work performed on this matter.

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

Hon. Stewart D. Aaron, U.S.M.J.
September 22, 2020
Page 5

      We thank the Court for its continued attention to this matter.

                                    Respectfully submitted,

                                    Justin Cilenti

cc: Demetrios Adamis, Esq. (by ECF)